RUSCH, Respondent, vs. MIELKE and others, Defendants: LONDON & LANCASHIRE INDEMNITY COMPANY, Appellant: PLESHEK and another, Respondents.

*March 13—April 9, 1940.*

For the appellant there was a brief by *Wallrich & Aschenbrener* of Shawano, attorneys, and *Schubring, Ryan, Peter-*

*sen & Sutherland* of Madison of counsel, and oral argument by *R. J. Sutherland* and *E. L. Aschenbrener.*

For the respondent Ellen Rusch there was a brief by *Winter & Koehler* of Shawano, and oral argument by *P. J. Winter* and *H. E. Koehler.*

For the respondents Bernard Pleshek and General Casualty Company there was a brief by *Benton, Bosser, Becker & Parnell* of Appleton, and oral argument by *A. W. Parnell.*

FRITZ, J.  The following undisputed facts are established by affidavits upon which the appellant, London & Lancashire Indemnity Company, based its motion for summary judgment.  It had issued an automobile liability indemnity policy to Ben Pludeman on a truck owned by him and which was being operated with his consent by the defendant Mary Mielke at the time of the accident which resulted in injury to plaintiff.  Mary Mielke was returning to her home with the truck on a trip made for the sole purpose of taking her husband to his place of employment.  In item 1 of the declarations embodied in the policy issued to Pludeman, he stated that his occupation was "furniture hauling," and that the purpose for which the truck was to be used was "commercial."  That term is defined in the policy as "the transportation or delivery of goods, merchandise or other materials, and uses incidental thereto, in direct connection with the named insured's business occupation as expressed in item 1."  Paragraph V of the "insuring agreements" in the policy provided:

"This policy applies only to accidents which occur during the policy period, while the automobile . . . is owned, maintained and used for the purposes stated as applicable thereto in the declarations."

Pludeman owned and used the truck as a contract motor carrier; and as such he filed the policy with the public service commission in compliance with sec. 194.41, Stats.

Appellant contends that plaintiff's claim for damages caused by Mary Mielke's negligent operation of the truck is not within the limited coverage afforded by the policy because her use of the truck for the sole purpose of taking her husband to the place at which he worked for another than the insured, and which was not the latter's place of business was not a use for the "commercial" purpose specified in the declarations embodied in the policy. In so far as the provisions in the policy are concerned that contention would have to be sustained for the reasons stated in *Drewek v. Milwaukee Automobile Ins. Co.* 207 Wis. 445, 449, 240 N. W. 881. See also *Bohnsack v. Huson-Ziegler Co., Inc.,* 212 Wis. 65, 248 N. W. 764; *Hardware Mut. Cas. Co. v. Milwaukee A. Ins. Co.* 229 Wis. 215, 282 N. W. 27. However, the *Drewek Case* was decided prior to the enactment of sec. 194.41 (1), (4), Stats. 1933–1937, under and by virtue of which respondents contend that the coverage afforded by the policy is enlarged so as to include such claims for damage on account of injury as plaintiff sustained by reason of Mary Mielke's negligent operation of the truck. Sec. 194.41 (1) required Pludeman, as a contract motor carrier, to have on file with the public service commission and in effect an indemnity bond, insurance policy, or other written contract in such form as the commission approved, under which "such indemnitor shall assume the liability prescribed by this section with respect to such motor vehicle;" and which,—

"shall provide that the indemnitor shall be directly liable for and shall pay all damages for injuries to persons or property that may be recovered against the owner or operator of each such motor vehicle by reason of the negligent use or operation thereof in an amount not less than. . . . Such liability may be restricted so as to be inapplicable to damage claims on account of injury to property transported. . . ."

And sub. (4) of sec. 194.41 provided that,—

"The provisions of this section shall be deemed a part of every such undertaking and no other provision thereof or

agreement between the parties thereto shall operate to avoid the same."

In harmony with the statute a provision in the policy issued by appellant reads:

"Any insurance provided by this policy for bodily injury liability or property damage liability shall conform to the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising from the use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy."

And to the policy which Pludeman filed with the public service commission, it attached its indorsement reading:

"This policy is issued in order to assure compliance by the assured as a common motor carrier of property, and/or contract motor carrier with section 194.41, Wisconsin statutes, and notwithstanding any provision to the contrary herein contained, all of the coverage (cargo excepted), required by said section 194.41, Wisconsin statutes, is hereby provided to the assured with respect to the operation of each of the vehicles elsewhere herein described."

Under these circumstances and the statutes applicable thereto, the provisions in the policy by which coverage thereunder would otherwise be limited were superseded, in so far as they are in conflict with sec. 194.41 (1), Stats., by the provision therein that,—

"the indemnitor shall be directly liable for and shall pay all damages for injuries to persons or property that may be recovered against the owner or operator of each such motor vehicle by reason of the negligent use or operation thereof in an amount not less than," etc.

The only exception or exemption which is permitted from the coverage thus required and provided is by virtue of the provision in sec. 194.41 (1), Stats., that "such liability may be restricted so as to be inapplicable to damage claims on account of injury to property transported." Otherwise than

by a restriction in but that one respect, the plain and unambiguous terms of the statute do not admit of any restriction making the coverage required thereby for "all damages for injuries . . . that may be recovered against the owner or operator of each such motor vehicle by reason of the negligent use or operation thereof" dependent upon the use of the truck, at the time of the accident, for but the particular purpose stated in a declaration in the policy. Such a restriction in a policy was permissible and effective in the years involved in the *Drewek Case, supra,* because there was then no statute requiring broader coverage; and the efficacy of such a restriction was recognized in sec. 204.30 (3), Stats. 1929 (requiring the extension of the indemnity afforded by a policy to others than the named insured), by the provision therein which limited such extension of the indemnity for liability to cases in which the accident occurred when the automobile was "being used for purposes and in the manner described in said policy." *Drewek v. Milwaukee Automobile Ins. Co., supra.* As there is no similar provision in sec. 194.41 (1), Stats., it cannot be assumed that the coverage required thereby under a policy on a truck, which is within its provisions, can be restricted by any provision in the policy so as to exclude liability for damage caused by the negligent operation of the truck during a temporary departure in the use thereof for some purpose other than is stated in the policy. Had it been the legislative intent to permit the restriction of the coverage in that respect, it would have been a simple matter to so provide; but the plain and unambiguous terms of sec. 194.41, Stats., do not admit of any such limitation by a provision in the policy. Consequently, the order denying the appellant's motion for summary judgment must be affirmed.

*By the Court.*—Order affirmed.