HUETTNER, by Guardian *ad litem,* and another, Appellants, vs. CITY OF EAU CLAIRE and others, Respondents.

*April 12—May 18, 1943.*

*Ingolf E. Rasmus* of Chippewa Falls, for the appellants.

For the respondents there was a brief by *John B. Fleming,* attorney, and *Francis J. Wilcox* of counsel, both of Eau Claire, and oral argument by *Mr. Wilcox.*

FOWLER, J.   The case is up on appeal from an order sustaining the demurrer of the city of Eau Claire to a complaint for insufficiency of facts stated.

The action is brought under sec. 66.095, Stats., by an infant plaintiff and his father to recover their respective damages resulting from injuries sustained by the infant plaintiff while riding in a bus owned by the city of Eau Claire through negligence of the driver while transporting pupils of the city high

school to participate in a joint debate of high-school students held at the city of Spooner. The plaintiff was a student of the high school of the city of Bloomer going to participate in the debate, and was taken into the bus pursuant to arrangement made between the coach-teachers of the Eau Claire and Bloomer schools.

It is to be noted that the allegations of the complaint, summarized in the statement preceding the opinion, go only to the acts, activities, and liability of the city of Eau Claire. If the allegations went to acts done and activities authorized by the school board of the city pursuant to enabling statutes, these acts and activities would be those of the city and any liability resulting therefrom would be that of the city. Under *State ex rel. Board of Education v. Racine*, 205 Wis. 389, 236 N. W. 553; *Board of Education. v. Racine*, 205 Wis. 489, 238 N. W. 413; and *Seifert v. School District*, 235 Wis. 489, 292 N. W. 286, the members of the school board are officers of the city and the board is an arm of the city government. Whatever the school board does pursuant to statutory authority it does for the city, the board's employees in doing what is thus authorized are employees of the city and any liability arising from their acts is a liability of the city.

Sec. 66.095, Stats., as far as here material, reads:

"Any person . . . suffering any damage proximately resulting from the negligent operation of a motor vehicle owned and operated by any city, and which damage is occasioned by the operation of such motor vehicle in the performance of municipal business, may . . . file a claim therefor against such city, and the common council of such city shall have the right to allow, compromise, settle and pay the same. In the event such claim is disallowed, the claimant may then institute an action therefor."

It is contended by respondent city that the demurrer was properly sustained on the grounds that a city is not liable for negligence of its employees while engaged in performance of

a municipal function and that in transporting the pupils to participate in the debate the city was engaged in performing such a function. Except as to business conducted in a proprietary capacity, we perceive no distinguishable difference in meaning between the phrases "municipal business" and "municipal function." If a city in transporting school children is performing "municipal business" it is performing a "municipal function." The effect of sec. 66.095, Stats., is to render inapplicable the common-law municipal-function rule relied on when a city is operating a motor vehicle in the performance of a municipal business. The basic question therefore is, Was the city in transporting the pupils going to participate in the debate performing a municipal business?

It is questionable whether the transportation of the pupils of the Eau Claire school can be held to be a municipal business unless such transportation is authorized by some statute. Anyhow, where there is a statute governing the matter that statute must be strictly complied with. *State ex rel. Van Straten v. Milquet,* 180 Wis. 109, 192 N. W. 392. The statute governing the transportation of high-school pupils is sec. 40.344, Stats. This by its terms applies to "school districts," by which is meant common school districts. But sec. 40.53 (1) confers on city school boards the power of "common school boards." The powers of common school boards are conferred by sec. 40.16. Sub. (1) of that section confers upon the district school board the general power of control and management of the district school property and the affairs of the district. By sec. 40.53 (1) the city school board has the same powers as to city school property and affairs. But sec. 40.344 specially governs the use of school buses. This special statute controls and limits the use of such buses. Sub. (1) of that statute provides that any school district that offers work beyond the eighth grade may provide for transportation "to and from school" for high-school pupils. None of the instant pupils were being so transported. Sub. (4)

provides that school boards designated in sub. (1) "may purchase with district funds and operate conveyances" to be used in such transportation. There is no allegation in the complaint that the school board of Eau Claire either authorized the purchase of a bus to be used for transportation of pupils or authorized such transportation. Sub. (7) contains the only provision for transporting pupils residing outside of a school district. It provides that where the route of a district bus used in the transportation of the district's own pupils passes through a school district in which the operation of a school is suspended, the bus may take on school children of that district also, but this provision does not apply to the instant transportation of the Bloomer pupils. There are other restrictions on the use of vehicles used in the transportation of school pupils contained in sec. 40.344. The complaint does not allege compliance with any of these. Sub. (7) also provides that a school board may utilize the vehicles owned for the transportation of school children and teachers to and from all school activities in which the school under their jurisdiction may participate, but conceding that participation in the debating contest at Spooner was such an activity, there is nothing in this statute to authorize the transportation of the Bloomer pupils.

If it were conceded that under the allegations of the complaint the city is liable for the injuries sustained in the instant accident by the Eau Claire pupils, the city is exempt from liability for the injury to the Bloomer pupil under the rule that persons using a vehicle in the conduct of their business are not liable for injuries to passengers taken on by the drivers of their vehicles without authority of their employers. See *Hanson v. Engebretson,* 237 Wis. 126, 131, 294 N. W. 817, and cases cited. True, it was not the bus driver who invited the plaintiff aboard, but the debating coaches, but these coaches had no more authority, without authorization by the school board, than the driver, to invite the Bloomer team aboard,

They could no more authorize the taking on of the Bloomer team than any ordinary fellow servant of the driver of a truck could, without authorization from the master, impose liability on the master for negligence of the driver by telling the driver to permit a person to ride with him.

We consider that it follows from the above that the demurrer of the city to the complaint was properly sustained, and we see no need to mention other matters discussed in the briefs.

*By the Court.*—The order of the circuit court is affirmed.

WICKHEM, J., dissents.