BENTLEY and others, Respondents, vs. FAYAS, and another, Appellants.

*October 13—November 16, 1948.*

For the appellants there was a brief by *McCue, Regan & McCue* of Milwaukee and *Evrard & Evrard* and *Joseph P. Holman,* all of Green Bay, and oral argument by *Raymond E. Evrard.*

For the respondents there was a brief by *Kaftan, Rahr & Kaftan* and *Clarence R. Jirtle,* all of Green Bay, and oral argument by *Mr. Jirtle.*

ROSENBERRY, C. J.    The question is whether a certain truck owned by the defendant Henry Fayas, involved in the accident upon which the cause of action is based, was within the provisions of the defendant Milwaukee Automobile Insurance Company policy and afforded coverage to the defendant Henry Fayas.

Fayas was a private contract motor carrier holding a license as such from the public service commission of Wisconsin. The defendant insurer issued an indemnity policy to him, to which was attached the following rider:

"This policy is issued in order to assure compliance by the assured as a common motor carrier of property, and/or contract motor carrier with section 194.41, Wisconsin statutes, and notwithstanding any provisions to the contrary herein contained, all of the coverage (cargo excepted), required by said section 194.41 Wisconsin statutes, is hereby provided to the assured with respect to the operation of each of the vehicles elsewhere herein described."

Paragraph VI of the policy provisions is as follows:

"The purpose for which the automobile is to be used is: Commercial. (b) The term 'commercial' is defined as use principally in the business occupation of the named insured as stated in item III, including occasional use for personal, pleasure, family and other business purposes. . . .

"X. The automobile described is not and will not be rented to others or used to carry passengers for a charge except as herein stated."

Sections I and III of the insuring agreements are those customarily found in a policy of this type and are not material here.

Section IV is as follows:

"The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy when applicable to such coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the declared and actual use of the automobile is 'pleasure and business' or 'commercial,' each as defined herein, and provided further the actual use is with the permission of the named insured, if such named insured is an individual, with the permission of an adult member of such named insured's household other than a chauffeur or domestic servant. The provisions of this paragraph do not apply: . . .

"EXCLUSIONS

"This policy does not apply:

"(a) Under any of the coverages, while the automobile is used as a public or livery conveyance, or for carrying persons

for a charge, unless such use is specifically declared and described in this policy and premium charged therefor; . . .

"(e) Under coverages A and B, to liability assumed by the insured under any contract or agreement; . . .

"(g) Under coverage A, to bodily injury to or death of any person from an accident while such person is in the automobile, the declared use of which is 'commercial,' if more than eight persons are then in the automobile and it is being used for purposes other than the business of the named insured; . . ."

When the accident occurred Fayas' truck was being used to transport cherry pickers for hire, from Sturgeon Bay to Green Bay. In the morning Fayas had transported them to Sturgeon Bay. There were forty-four pickers aboard, two riding in the cab and forty-two on the truck platform. Fayas' permit did not include hauling goods for Reynolds Brothers or the transportation of cherry pickers for them. The use of the truck at the time of the accident was distinctly commercial, and was not within the terms of the contract-carrier permit which Fayas held.

The question narrows down to whether the provisions of the exclusions clause of the policy are in conflict with the provisions of sec. 194.41, Stats., and if so, which controls. It is the contention of the defendants that the exclusions clause controls, and cites cases which arose under the so-called "omnibus clause," sec. 204.30(3).

The contention of the insurer that sec. 194.41(1), Stats., does not apply, cannot be sustained.

Sec. 194.41(1), Stats., so far as material here, is as follows:

"Said undertaking [of contract motor carrier] shall be subject to the approval of the department and shall provide that the indemnitor shall be directly liable for and shall pay all damages for injuries to persons or property that may be recovered against the owner or operator of each such motor vehicle by reason of the negligent use or operation thereof in

an amount not less than (a) for injury to persons [specified amounts for policy not material here]."

Sec. 194.41(1), Stats., is a part of the "Motor Vehicle Transportation Act."

Sec. 204.30(3), Stats., is a part of ch. 204, "Insurance— Surety, Credit, Casualty."

Sec. 194.41(1), Stats., applies only to common carriers and contract motor carriers.

Sec. 204.30(3), Stats., applies to all motor vehicles. In this case the omnibus clause is set out in the body of the policy. Compliance with sec. 194.41 is shown by the attachment of the rider which has already been set out.

It is considered that the provisions of sec. 194.41(1), Stats., govern this case. As the trial court pointed out: ·

"There is nothing in the statute [sec. 194.41] to suggest such limited application. The liability against which the carrier must obtain insurance is that which arises 'by reason of the negligent use or operation' of the motor vehicle. Nothing in the statute suggests that 'use' means the use covered by the permit excluding use for other purposes. This is a special statute. The legislature in enacting it dealt with restrictions on liability for negligent operation of the vehicle and permitted but one restriction; namely, noncoverage of cargo."

This case is ruled by *Rusch v. Mielke,* 234 Wis. 380, 291 N. W. 300. As stated, the cases cited by counsel for the appellants arose under sec. 204.30(3), Stats. In those cases sec. 194.41 did not apply and was not considered, and for that reason they do not support appellant's contention.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part. ·