CONTINENTAL CASUALTY COMPANY, Appellant, v. TRANSPORT INDEMNITY COMPANY, Respondent.

*February 6—March 9, 1962.*

For the appellant there were briefs by *Sonnenberg & Boden* of Milwaukee, and oral argument by *Robert F. Boden*.

For the respondent there was a brief by *Kivett & Kasdorf*, attorneys, and *A. W. Kivett* and *Nonald J. Lewis* of counsel, all of Milwaukee, and oral argument by *Mr. Lewis*.

DIETERICH, J. Continental had at all times material to this action, a policy of insurance in full force and effect issued to "Kenosha Auto Transport Corp. and/or Lessors of Equipment to Kenosha Auto Transport Corp." Both parties agree that this policy extended coverage during any "bobtailing" operation of a truck-tractor covered by the policy

and that the policy extended coverage to the accident here involved. ("Bobtail" is the type of operation where the tractor is driven without a trailer.)

Transport had at all times material to this action a policy of insurance in full force and effect issued to "Kenosha Auto Transport Corporation . . ." The relevant portions of the coverage clauses in this policy read as follows: "(1) To pay on behalf of the insured all damages which the insured shall become legally obligated to pay, . . . for damages which arise out of the occupation of the named insured as stated in the declarations, . . ." (Occupation of insured in declaration is stated as "motor carrier for hire, warehousing, and driveaway operations.")

## Issues.

(1) Whether an insurance policy filed by a motor carrier to conform with sec. 194.41 (1), Stats., extends the coverage of such policy to cover an accident where the lessor-driver of a tractor leased to the motor carrier, drives such tractor on a personal mission and becomes involved in a collision?

(2) Whether if such policy does provide coverage for damages arising from such accident, the damages shall be prorated on the basis of policy limits with a second insurer whose policy does cover such accident, or whether the excess clause of the policy in question shall be given effect?

Sec. 194.02, Stats., provides:

"LEGISLATIVE INTENT. It is hereby declared to be the purpose and policy of the legislature in enacting chapter 194 to confer upon the motor vehicle department and the public service commission the power, authority, and duty to supervise and regulate the transportation of persons and property by motor vehicles upon or over the public highways of this state . . . so as *to protect the safety and welfare of the traveling and shipping public in their use of highways; . . .*" (Italics ours.)

The relevant portion of sec. 194.41 (1), Stats., reads as follows:

". . . the indemnitor *shall be directly liable for . . . all damages for injuries* to or for the death of persons or for injuries to or destruction of property that may be recovered *against the owner or operator of each such motor vehicle* by reason of the negligent use or operation thereof." (Italics ours.)

Construing the words of sec. 194.41 (1), Stats., so that the statute will be in harmony with the public purpose enunciated in sec. 194.02, requires a broad interpretation be put on the words "owner" and "operator" as used in the statute.

### Owner.

The term "owner" is of quite general application and is frequently applied to one having an interest in or claim upon property less than absolute and unqualified title. The word "owner" has no fixed meaning, but must be interpreted in its context and according to the circumstances in which it is used. In *Moore v. Palmer* (1957), 350 Mich. 363, 86 N. W. (2d) 585, where the lease of a truck-tractor provided that the lessee would assume all legal liabilities which might arise as though, in fact, the truck-tractor was owned by the lessee, the court held that the lessee was the "owner" of the truck-tractor at the time it was involved in a collision with an automobile, when the truck-tractor was being driven by the lessor who was the employee of the lessee. The word "owner" as used in the statute is applicable to Kenosha Auto Transport.

### Operator.

An "operator" of an automobile is one who directs or superintends it. The term "operator" as used in the motor vehicle code is broadly interpreted so as to include others

than those in physical control of vehicle. *29 Words and Phrases* (Supp. 1961), pp. 175, 176.

The word "operator" covers more than the driver in physical control of the truck-tractor or the statute would have to be construed as not requiring a corporation in the business of using leased trucks to haul cargo to file their insurance policies under sec. 194.41 (1), Stats. This would clearly be contrary to the legislative purpose of ch. 194, Stats., as expressed in sec. 194.02. The term "operator" as used in sec. 194.41 (1) includes not only the common carrier but also the driver. *Rusch v. Mielke* (1940), 234 Wis. 380, 291 N. W. 300, and *Miller v. Kujak* (1958), 4 Wis. (2d) 80, 87, 90 N. W. (2d) 137.

### *Lease.*

The pertinent provisions under the terms of the lease as to whether the word "owner" should cover Kenosha Auto Transport, the lessee in the instant case, read as follows:

Sec. II. "For the duration of the lease, the carrier lessee shall be entitled to the exclusive possession, control, and use of the leased equipment and may sublease the same to other authorized carriers to the same extent and effect as though the owner thereof."

Sec. III. "For the duration of the lease the carrier lessee assumes full responsibility for the operation and use of the leased equipment and to that end also assumes the responsibility for the payment of just claims covering bodily injury or property damage arising from its use of such equipment during the term of this lease. . . ."

Under the terms of the lease between Rodgers and Kenosha Auto Transport, and considering the purpose of the statute, we hold that the word "owner" as well as the word "operator," as used in sec. 194.41 (1), Stats., includes Rodgers and Kenosha Auto Transport.

### Transport's Policy.

The Transport Indemnity policy contains the following:

Condition (6) "Such insurance as is afforded by this policy shall comply with the provisions of the motor vehicle financial responsibility law and motor carrier regulatory authority requirements of any state or province which shall be applicable with respect to any such liability arising out of the existence, ownership, maintenance, or use of any automobile during the policy period but only to the extent of coverage and amount of limits of liability required by such law."

The policy also contains an indorsement specifically conforming such policy to the requirements of sec. 194.41 (1), Stats., and other applicable sections of the statutes with respect to blanket policies. The last paragraph of such indorsement reads that:

"The liability of the company under said policy extends to all losses, damages, injuries, or deaths within the boundaries of the state of Wisconsin, whether occurring on or off the route or within or outside the territory authorized to be served."

Any conflict which might exist because of the named insured and its business use between the coverage afforded by the policy and that required by statute, would, of course, be resolved in favor of the statute. *Bentley v. Fayas* (1948), 253 Wis. 531, 34 N. W. (2d) 675, and *Faust v. Dawes* (1950), 257 Wis. 353, 43 N. W. (2d) 365.

Transport contends that the use of the truck by Rodgers in order to visit his sister was not within the scope of his employment and therefore its policy does not apply, but Transport does not contend that such use by Rodgers was unauthorized. Under the terms of the statute, where such use was authorized, the statute requires that such use be

covered by the blanket policy issued by Transport to Kenosha Auto Transport.

### Excess Clauses and Pro Rata Clause.

The Transport policy does not contain a pro rata clause, but does contain the following excess clause:

Sec. (11). "If there is other insurance against an occurrence covered by this policy, this insurance shall be deemed excess insurance over and above the applicable limits of all such other insurance."

Sec. 194.41 (1), Stats., stated that "the indemnitor shall be directly liable for . . . all damages . . . that may be recovered against the owner or operator . . ." Continental contends that the language of the statute requires primary coverage by Transport while the contention of Transport is that the policy issued by Continental was intended by the parties involved to cover all accidents involving "bobtail" operations outside the scope of employment. Sec. 14 of the Continental policy contains an excess clause with respect to nonowned automobiles used by the insured. The named insured includes "Lessors of equipment to Kenosha Auto Transport Corp." Rodgers was a lessor of equipment to Kenosha Auto Transport, therefore the excess clause in the Continental policy is nonapplicable because the tractor was owned by Rodgers.

The Continental policy, also in sec. 14, provides for prorating in the event there is other insurance. Transport's policy provides that it is excess insurance if any other insurance applies. Therefore, these two policies cannot prorate the loss. Transport would provide primary coverage, like Continental, if no other insurance applied. Sec. 194.41 (1), Stats., does not require all insurance policies to provide primary coverage. The Transport policy provided primary coverage if there were no other insurance covering this acci-

dent, but since Continental's policy admittedly covers this accident with primary liability, Transport's policy automatically becomes excess on this risk.

Since the loss is within the limits of the Continental policy, Transport's policy is not called upon to pay any losses in the instant case. *Lubow v. Morrissey* (1961), 13 Wis. (2d) 114, 108 N. W. (2d) 156.

*By the Court.*—Judgment affirmed.