PETERSON, Plaintiff and Respondent, v. SCHMUDE, Defendant and Respondent: HOME MUTUAL INSURANCE COMPANY, Defendant and Appellant.

*February 6—March 3, 1964.*

For the appellant there was a brief by *Byrne, Bubolz, Spanagel & Pfankuch* of Appleton, and oral argument by *William S. Pfankuch.*

For the respondents there was a brief by *Dempsey, Dempsey, Magnusen & Williamson* of Oshkosh, for Erwin C. Schmude, and by *Hoeffel & Coughlin* of Appleton, for John Peterson, and oral argument by *James J. Williamson* and *Patrick F. Coughlin.*

HALLOWS, J. Schmude was a trucker of hogs and cattle for hire, which operation required a compliance with ch. 194, Stats. That chapter requires by sec. 194.41 (1) the filing with the motor vehicle department of an indemnity bond or policy of insurance which "shall provide that the indemnitor shall be directly liable for and shall pay all damages for injuries to or for the death of persons or for injuries to or destruction of property that may be recovered against the owner or operator of each such motor vehicle by reason of the negligent use or operation thereof . . ." The section provides that such liability may be restricted so as to be inapplicable to cargo claims. The provisions of sec. 194.41 are deemed a part of every insurance policy so filed and no other provision of the policy shall operate to avoid them. Sec. 194.41 (4).

The Home Mutual issued a policy of automobile liability insurance for a one-year term commencing September 29, 1960, to Schmude as the named insured. The policy was in the customary and usual form now currently used and obligated the insurer under Coverage A, "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile." The policy in its exclusion provision (d) provided Coverage A did not apply "to bodily injury to or sickness, disease, or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured." The policy also contained the Wisconsin Insurance Endorsement to assure compliance by the insured with sec. 194.41,

Stats., and provided, notwithstanding any policy provisions to the contrary, all of the coverage required by sec. 194.41 was thereby provided to the insured with respect to the operation, maintenance, and use of his motor vehicles. The policy also had attached the motor Carrier Certificate Endorsement.

The issue on this appeal is solely whether the exclusion clause of the policy is valid or whether the exclusion of employees is inoperative because of the requirements of sec. 194.41, Stats., to which the policy by its endorsement is made to conform. The question thus presented is whether this section permits such an exclusion. Home Mutual contends the exclusion in its policy is usual and customary and is not forbidden by sec. 194.41, relying on *Bentley v. Fayas* (1948), 253 Wis. 531, 34 N. W. (2d) 675; *Faust v. Dawes* (1950), 257 Wis. 353, 43 N. W. (2d) 365; and *Continental Casualty Co. v. Transport Indemnity Co.* (1962), 16 Wis. (2d) 189, 114 N. W. (2d) 137. The theory of the argument is that sec. 194.41 is to protect the traveling public who have no contractual relationship with the insured contract motor carrier.

In the *Bentley Case,* a carrier was transporting cherry pickers for hire. His permit did not include such activity and the exclusion in his insurance policy did not cover such activity. This court held sec. 194.41, Stats., applied to the policy and the exclusion was inconsistent with the statute and of no effect. Home Mutual argues this case supports its proposition or at least is not contrary to its theory because the cherry pickers being transported were members of the traveling public and had no contractual relationship with the contract motor carrier. While these facts may be true, we do not consider the case authority for the proposition that only members of the traveling public not in contractual relationship with the contract motor carrier are to be pro-

tected by the insurance required by sec. 194.41. The *Bentley* decision was controlled by *Rusch v. Mielke* (1940), 234 Wis. 380, 291 N. W. 300, which held a provision of an automobile liability policy limiting coverage to accidents occurring while the truck was used for the purposes stated in the declarations was superseded by sec. 194.41 and ineffective.

In the *Faust Case,* the insured contract motor carrier leased a tractor from the plaintiff for use in his business. While using the tractor to pull a semitrailer an accident occurred damaging the plaintiff's tractor and suit was brought against the insurer of the carrier for such damage. The policy excluded claims for damage to property owned by, rented to, or in charge of the carrier. This court held sec. 194.41, Stats., did not require collision insurance and the exclusion of property owned by, rented to, or in charge of the carrier was not inconsistent with the section. In this context, the court stated sec. 194.41 was to protect users of the highway who had no contractual relationship with the insured. We do not consider such an exclusion to be an exception to the section but rather outside the scope of its purpose. Neither is the case of *Continental Casualty Company, supra,* an exception to the requirements of the statute. In that case this court held sec. 194.41 did not require the insurance to be primary under all circumstances and such a policy providing its insurance was excess when there existed another policy of primary insurance covering the same risk, met the call of the statute.

The statute is plain in its requirement that the insurer shall pay for all damages for injuries to persons which may be recovered against the owner or operator of the motor vehicle by reason of the negligent use or operation thereof. The statute does make an exception for cargo damage but no exception is made for employees of the insured whether

or not such employees are subject to the Workmen's Compensation Act. It is true, Schmude could cover his liability to his employees by workmen's compensation insurance or by an employer's liability policy. However, this fact does not require or permit us to read an exception into sec. 194.41 for that purpose.

At the time of the accident, although the plaintiff was an employee of Schmude, he was also on the highway as a member of the traveling public and needed the protection as much as any other person on the highway. If the other party to the accident were a contract motor carrier subject to ch. 194, Stats., could it be claimed the plaintiff was not part of the traveling public? We think not. It seems illogical to us to argue that protection should be denied the plaintiff under sec. 194.41 because of his contractual relationship as an employee with the insured contract motor carrier.

The legislature in enacting sec. 194.41, Stats., although making an exception for cargo claims, made no exception for employees and we are unable to find any intent in the language of sec. 194.41 or in the language "to protect the safety and welfare of the traveling and shipping public" in sec. 194.02 that an employee of a contract motor carrier may be excluded from the protection of the required policy. While not controlling, other jurisdictions which have passed upon this question under similar statutes and policies have come to the same conclusion. *Hindel v. State Farm Mut. Automobile Ins. Co.* (7th Cir. 1938), 97 Fed. (2d) 777; *Continental Casualty Co. v. Shankel* (10th Cir. 1937), 88 Fed. (2d) 819.

*By the Court.*—Order affirmed.