HERCHELROTH, Plaintiff and Respondent, v. MAHAR, Defendant: MARVIN BELT, d/b/a MARVIN BELT COMPANY, Defendant and Respondent: WOLPIN COMPANY, Defendant and Appellant.

*June 2—June 30, 1964.*

For the appellant there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Edward D. Cleveland* of counsel, all of Milwaukee, and oral argument by *Mr. Cleveland.*

For the plaintiff-respondent there was a brief by *Ruppa & Wegner,* attorneys, and *Norman W. Wegner* of counsel, all of Milwaukee, and oral argument by *Nathan Ruppa.*

For the defendant-respondent there was a brief by *Stanley F. Schellinger,* attorney, and *James G. Doyle* of counsel, both of Milwaukee, and oral argument by *Mr. Doyle.*

BEILFUSS, J.   Does sec. 345.09 (1), Stats., provide for substituted service on the nonresident corporate lessee of a motor vehicle?

Sec. 345.09 (1), Stats., is the statute to be construed:

"The use and operation of a motor vehicle over the highways of this state by a nonresident is deemed an irrevocable appointment by such nonresident of the motor vehicle commissioner to be his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him or his executor, administrator or personal representative, growing out of the use or operation of the motor vehicle in this state and resulting in damage or loss to person or property, whether the damage or loss occurs on a highway or on abutting public or private property.  Such appointment is binding upon the nonresident's executor, administrator or personal representative.  Such use or operation of a motor vehicle by such nonresident is a signification of his agreement that any such process or notice against him or his executor, administrator or personal representative which is so served shall be of the same legal force and validity as if

served on him personally, or on his executor, administrator or personal representative."

Appellant bases the argument that it is not subject to substituted service on two grounds. First, the phrase "use and operation" is restricted to actual physical manipulation. We are referred to sec. 340.01 (41), Stats., incorporated into ch. 345 by sec. 345.01, defining "operator" as "a person who drives or is in actual physical control of a vehicle." Because the word "use" is not explicitly defined in the statute it is to be treated as surplusage under the canon of statutory construction that a statute in derogation of the common law is to be strictly construed.

Second, even if "use" means something different from "operation" the statute does not apply to corporations because it provides for service upon a nonresident or his executor, administrator, or personal representative without any reference to successors and assigns. We are referred to sec. 344.52, Stats., in which the words "successors and assigns" are included. The last-mentioned statute imposes liability on the foreign lessor of a motor vehicle in connection with a local accident.

### Use and Operation.

Even without sec. 340.01 (41), Stats., the verb "operate" and its derivatives would probably connote personal manipulation. *O'Tier v. Sell* (1930), 252 N. Y. 400, 169 N. E. 624; *Morrow v. Asher* (D. C. Tex. 1932), 55 Fed. (2d) 365; *Rose v. Gisi* (1941), 139 Neb. 593, 298 N. W. 333. The problem thus becomes whether the legislature intended to subject nonresidents, corporations, or individuals, to substituted service when these persons owned or leased an automobile involved in an accident on Wisconsin highways, but were not personally operating it at the time of the accident.

*Rose v. Gisi, supra,* is very close to our case. In that case two employees of a nonresident truck owner were in the truck at the time of the accident. The employee authorized to drive was not driving; that job was being performed by an employee who was not authorized to drive. The Nebraska statute involved was substantially the same as ours except that it provided for personal service in any action or proceeding growing out of the use and operation of a motor vehicle by a nonresident or his agent. It was held that the nonresident owner was subject to service of process because the truck was being used on the Nebraska highways in the furtherance of his business at his direction.

Appellant argues that the definition of the word "use" in the *Rose Case* was not necessary to the decision because the Nebraska statute expressly made a nonresident liable if his agent operated or used the vehicle. The defense raised was that the agent operating the vehicle was not acting within the scope of his employment. Because of the construction adopted it was not necessary for the Nebraska court to face foursquare the difficult problem of the extent to which doctrines of agency law were imported into the Nebraska service statute. The court also said that the employee authorized to drive was subject to service of process because he had general control of the truck and therefore was using it notwithstanding the fact that he was not operating it.

The predecessor of sec. 345.09 (1), Stats., was enacted by ch. 94, Laws of 1925. This was done before the decision of the United States supreme court in *Hess v. Pawloski* (1927), 274 U. S. 352, 47 Sup. Ct. 632, 71 L. Ed. 1091. It was evidently a legislative adventure in the never-never land of due process. See *State ex rel. Cronkhite v. Belden* (1927), 193 Wis. 145, 211 N. W. 916, 214 N. W. 460. This is the answer to plaintiff's argument that the statute be strictly construed because it is in derogation of the common law. That canon is a rule of construction only, not a rule of

law. It must yield to clear evidence of an intention on the part of the legislature to extend service of process to its ultimate constitutional limits.

### The Failure to Extend Service to Successors and Assigns.

In *State ex rel. Ledin v. Davison* (1934), 216 Wis. 216, 256 N. W. 718, this court held that the predecessor of sec. 345.09, Stats., did not authorize substituted service on the administratrix of a deceased nonresident. Language was suggested which would make clear the legislature's intention to authorize such service. Ch. 395, Laws of 1943, amended the statute according to the wording suggested in *Ledin v. Davison, supra.* The 1943 amendment in no way restricts the meaning of the statute as it existed prior to that time.

In *State ex rel. Cronkhite v. Belden, supra,* page 157, we inferentially recognized the application of the statute to corporations as well as private persons:

"While the power to regulate the conduct of the foreign motorist may constitutionally be made the basis of acquiring jurisdiction over his person, the law as a whole must be one reasonably calculated to give the defendant notice that the jurisdiction of a court of the licensing state has been invoked. In the case of foreign corporations, service on a duly authorized representative is service upon the principal, and if made in accordance with the law is legally equivalent to personal service upon the defendant."

In our case, as in *Rose v. Gisi, supra,* the truck was being used on the highways of the state in the furtherance of the Wolpin Company's business at its direction. This use subjected the corporate lessee to substituted service of process pursuant to sec. 345.09 (1), Stats., which applies to corporate lessees and owners as well as individuals.

*By the Court.*—Order affirmed.

GORDON, J., took no part.