LUKASZEWICZ, Plaintiff and Respondent, v. CONCRETE RE-
SEARCH, INC., Defendant and Third-Party Plaintiff
and Respondent: ZURICH INSURANCE COMPANY,
Third-Party Defendant and Appellant.

*No. 311.   Argued June 3, 1969.—Decided June 27, 1969.*
(Also reported in 168 N. W. 2d 581.)

336

For the appellant there was a brief by *Ames, Riordan, Crivello & Sullivan,* attorneys, and *John H. Ames* of counsel, all of Milwaukee, and oral argument by *John H. Ames.*

For the respondent there was a brief by *Prosser, Zimmermann, Wiedabach, Koppa & Lane,* attorneys, and *James W. Lane* of counsel, all of Milwaukee, and oral argument by *James W. Lane.*

HALLOWS, C. J. The question on this appeal is, to whom must the coverage of an automobile liability policy be extended by sec. 204.30 (3), Stats.,[1] or whom does this section make an additional or unnamed insured? The language of the section and the language of the automobile liability policy issued by Zurich in this respect is not identical.

The statute requires that the indemnity provided to the named insured by an automobile liability policy must be extended in the same manner and under the same provisions to any person "while riding in or operating any automobile" described in the policy when the automobile is being used for the purposes described in the

---

[1] "(3) No such policy shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automoble is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person legally responsible for the operation of such automobile. The insurance hereby afforded shall not apply unless the riding, use or operation above referred to be with the permission of the assured named in this policy, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant, such permission in both cases to be deemed permission without regard to s. 343.45(2) or to whether the riding, use or operation is authorized by law; but no insurance afforded by this paragraph shall apply to a public automobile garage or an automobile repair shop, sales agency, service station and the agents or employes thereof. In the event an automobile covered by this policy is sold or transferred the purchaser or transferee shall not be an additional insured without consent of the company, endorsed hereon."

policy. The policy, however, after providing indemnity to pay on behalf of the insured all sums for bodily injury sustained by any person caused by accident and for property damage sustained by any person caused by accident and for property damage sustained by any person caused by accident and arising out of the ownership, maintenance or use of an automobile, provides in Part III [2] in its definition of "an insured" in relation to bodily injury and property damage that an insured is any person using an owned automobile providing the actual use is with the permission of the named insured. "Use" is defined [3] in terms of purpose to include the loading and unloading of an automobile. From its loading and unloading coverage Zurich has excluded by endorsement [4] accidents which occur on premises owned

---

[2] Part III of the policy defines the insured:

". . . under coverages A and B, any person while using an owned automobile or a hired automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured. . . ."

[3] "3. Definitions. . .

"(f) Purposes of Use. The term 'pleasure and business' is defined as personal, pleasure, family and business use. The term 'commercial' is defined as use principally in the business occupation of the named insured as stated in Item 1, including occasional use for personal, pleasure, family and other business purposes. Use of an automobile includes the loading and unloading thereof."

[4] "Limitation of additional interest—Loading and unloading

"This endorsement is effective concurrently with the policy to which it is attached.

"It is agreed that the insurance for Bodily Injury Liability and Property Damage Liability with respect to automobiles, does not apply to injury, sickness, disease, death or destruction which arises out of the loading or unloading of an automobile, if the accident occurs on premises (including the ways immediately adjoining) owned, rented or controlled either by the person or by the employer of the person against whom claim is made or suit is brought for such injury, sickness, disease, death or destruction. This limitation

either by the person or by the employer of the person against whom claim is made, but this exclusion does not apply to the named insured.

Concrete claims this exclusion violates sec. 204.30 (3), Stats., because it does not extend to it and its employees the same coverage which is given to the named insured Hennes. Zurich argues that the loading and unloading coverage is not required by any statute and therefore is not governed by the omnibus statute and if the omnibus statute is applicable the employees of Concrete and Concrete do not come within the scope of the class of persons to whom the coverage of the policy must be extended and thus made additional insureds by the omnibus statute.

We hold that the exclusion is in violation of the omnibus statute. The fact that loading and unloading coverage is not required by any statute is not a valid argument why it should not be extended to those parties entitled to be additional insureds under the omnibus statute. This statute expressly requires by its terms that "the indemnity provided by this policy" be extended "in the same manner and under the same provisions as it is applicable to the named assured." True, the omnibus statute does not require greater coverage to be extended

---

does not apply with respect to claims made or suits brought against the following insureds:

"(a) the named insured or, if the named insured is an individual, his spouse, if a resident of the same household;

"(b) a bailee or borrower of the automobile or an employee of either of them or of the named insured;

"(c) if the named insured is classified and rated as a truckman, any person or organization, or any agent or employee thereof, engaged in the business of transporting property by automobile for the named insured or for others; subject nevertheless to the limitations of any endorsement made a part of the policy and specifically applicable to truckmen;

"(d) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a), (b) or (c) above."

but if it is, such coverage is not void. *Schenke v. State Farm Mut. Automobile Ins. Co.* (1944), 246 Wis. 301, 16 N. W. 2d 817; *Schneider v. Depies* (1954), 266 Wis. 43, 62 N. W. 2d 431; *Ainsworth v. Berg* (1948), 253 Wis. 438, 34 N. W. 2d 790, 35 N. W. 2d 911; *Shanahan v. Midland Coach Lines* (1954), 268 Wis. 233, 67 N. W. 2d 297. We have, also, held that when the named insured and all additional insureds are excluded in reference to some risk of coverage not required by statute, such exclusion is valid. *Schneider v. Depies, supra.*

While very little is required by secs. 204.34 and 204.30, Stats., by way of coverage in an automobile liability policy as compared to a standard fire policy required by sec. 203.01 and the standard accident and sickness policy required by sec. 204.31; nevertheless, indemnity for loading and unloading, which is now usual coverage in automobile policies—or whatever the indemnity may be, whether broad or limited in scope, and whether required by statute or not—if given to the named insured, must be extended to those to whom the coverage of the policy was intended to be extended by the omnibus statute. *Schenke v. State Farm Mut. Automobile Ins. Co., supra.* And this section applies not only to automobile liability policies but to a comprehensive liability policy to the extent it covers an automobile liability. *Nelson v. Ohio Casualty Ins. Co.* (1966), 29 Wis. 2d 315, 139 N. W. 2d 33. For a case with similar physical facts but without such exclusion clause, *see Ermis v. Federal Windows Mfg. Co.* (1959), 7 Wis. 2d 549, 97 N. W. 2d 485; *see also* Note, Insurance—Automobiles—"Omnibus Coverage," Statute (1933), 8 Wis. L. Rev. 349.

The question of first impression in this state is, who is entitled to extended coverage by virtue of the omnibus statute? This statute has commonly been considered a Tom, Dick, and Harry affair. But a strict interpretation of the statute would mean only those riding in or driving the automobile. However, this statute does not use

the word "driving" but the broader term "operating." The word "operate" or "operating" must be construed in the context in which it is used and to promote the purpose of the statute. Operate has varying meanings according to context which primarily determines its meaning. *State Farm Mut. Automobile Ins. Co. v. Coughran* (1938), 303 U. S. 485, 58 Sup. Ct. 670, 82 L. Ed. 970; *Orth v. Universal Underwater Ins. Co.* (9th Cir. 1960), 284 Fed. 2d 857.

For some years this court has been giving a liberal interpretation to this section so as to protect not only the public but also those persons who caused injury but whose relationship was such that the named insured was not legally responsible for their acts although they operated his automobile with his permission. *Pavelski v. Roginski* (1957), 1 Wis. 2d 345, 84 N. W. 2d 84; *Groth v. Farmers Mut. Automobile Ins. Co.* (1963), 21 Wis. 2d 655, 124 N. W. 2d 606; *Foryan v. Firemen's Fund Ins. Co.* (1965), 27 Wis. 2d 133, 133 N. W. 2d 724. We cannot, of course, by a liberal construction change the wording of a statute to mean something which was not intended by the legislature or by the plain language used. We do not consider the omnibus section ambiguous, but nevertheless an English word may have a variety of meanings and its precise meaning must be found in its context and relation to the subject matter.

Concrete has cited many cases [5] which hold that various activities in loading and unloading an automobile constitute "use" of the automobile. These cases are not of help because they would have been decided the same

---

[5] *Wagman v. American Fidelity & Casualty Co.* (1952), 304 N. Y. 490, 109 N. E. 2d 592; *Carr Packing Co. v. Frank* (1966), 49 Misc. 2d 74, 266 N. Y. Supp. 2d 633; *Industrial Indemnity Co. v. General Ins. Co.* (1962), 210 Cal. App. 2d 352, 26 Cal. Rptr. 568; *Improved Machinery, Inc. v. Merchants Mutual Ins. Co.* (1965), 349 Mass. 461, 208 N. E. 2d 796; *Erie R.R. Co. v. Tompkins* (1938), 304 U. S. 64, 58 Sup. Ct. 817, 82 L. Ed. 1188, 114 A. L. R. 1487.

way under Zurich's policy because it treats the risk of loading and unloading as a permissive use for coverage purposes. The word "use" in the policy is in one context as purpose and in another part of the policy as the relationship between a person and the automobile. The statute, unlike the policy, defines an additional insured not by the broad term "use" but by the term "operating." When one is driving a car he is, of course, using it, but the concept of operating should not be restricted to the actual physical control of a moving automobile. We have so held in connection with the word "operate" appearing in sec. 260.11, Stats., the direct action statute, where the truck was stopped and while being loaded, the plaintiff's foot broke through the truck floor, injuring it. *Weidenhaupt v. Van Der Loop* (1958), 5 Wis. 2d 311, 92 N. W. 2d 815. The word "operation" is used in two senses in sec. 204.30 (4), Stats.—once broadly and once more limitedly —in connection with management, control, maintenance and use. *Cf. Herchelroth v. Mahar* (1964), 24 Wis. 2d 444, 129 N. W. 2d 140; *Frye v. Angst* (1965), 28 Wis. 2d 575, 137 N. W. 2d 430; *Graf v. Bloechl* (1967), 36 Wis. 2d 635, 154 N. W. 2d 340.

In *Prisuda v. General Casualty Co.* (1956), 272 Wis. 41, 74 N. W. 2d 777, we pointed out "use" and "operation" in the omnibus clause were not the same. However, in *Miller v. Washington National Ins. Co.* (1941), 237 Wis. 475, 297 N. W. 359, we stated that the policy may have covered the accident if it provided coverage for "operation" but since it only provided coverage for "driving," there was no coverage. Since the word "operating" in the statute must be construed with the "use" of the automobile for the purposes described in the policy and for which permission is granted by the named insured, 7 Appleman, *Insurance Law & Practice,* p. 139, sec. 4314; p. 155, sec. 4322; operating a truck for loading and unloading must mean more than driving the truck to the premises. One cannot drive a truck while

it is being loaded or unloaded. We think the word "operating" in the statute in connection with loading and unloading of an automobile means participating in the loading and unloading activity.

The policy defines this activity as using the truck and many cases have so held, but we need not go so far as to hold the word "operating" a "catch-all" phrase such as the word "use." It is sufficient to say this limited relationship to the truck is contemplated by the word "operating" in the omnibus statute which requires the loading and unloading indemnity provided by the policy to the named insured be extended to those participating in the "operating" of the automobile. *See* Annot. (1957), *Meaning of "operate" or "being operated" within clause of automobile liability policy limiting its coverage,* 51 A. L. R. 2d 924. No question is raised that such operation of the truck by the employees of Concrete was not with the permission of the named insured Hennes. Concrete's employees were engaged in the very activity for which the truck stood on its premises.

Cases from outside of this state are of little help in deciding a construction of our statute. Zurich relies on *Hartford Accident & Indemnity Co. v. Shelby Mut. Ins. Co.* (Fla. 1968), 208 So. 2d 465, certiorari denied, Florida Supreme Court (1968), 214 So. 2d 624, as interpreting the provisions of this policy exclusion which was nationally drafted [6] to eliminate some litigation involving automobile liability policies and general comprehen-

---

[6] *See* Suter, *Loading and Unloading,* 31 Insurance Counsel Journal, pp. 112, 128 (Jan. 1964). The author points out this exclusion from loading and unloading coverage is new and is intended to apply to the classic example of where injury is inflicted on the truck driver or third person by an employee of the shipper or consignee during the loading (or unloading) process at his premises. The instant case in Wisconsin was anticipated; "whether states which frown upon any restriction of the 'omnibus clause' (Virginia and Wisconsin, for example) will regard the new provisions as so doing, affords interesting speculation."

sive liability policies. The case is not in point although the facts fall within the exclusion because the court did not consider the issue of whether the exclusion violated the omnibus statute.

A California appellate court has taken a strict view of the word "operating" and has held loading a truck is not operating it. *Glens Falls Ins. Co. v. Consolidated Freightways* (1966), 242 Cal. App. 2d 774, 51 Cal. Rptr. 789. There is support for our view in language in *Nichols & Co. v. Travelers Ins. Co.* (1962), 343 Mass. 494, 179 N. E. 2d 593. This was a loading and unloading case and the language of the policy is substantially the same as Zurich, excepting an insured was defined in terms of "any other person responsible for the operation of the motor vehicle . . ." In holding the employees of the consignee unloading the truck were not covered and their employer was not responsible for the operation of the motor vehicle, the court did state, however, "the process of unloading the bales was incidental to their transportation and we think the use of the truck in such unloading was 'operation of the motor vehicle' within the meaning of the policy."

No argument is made in the case before us that Concrete was "legally responsible for the operation of such automobile" so as to be entitled to additional coverage on that ground under sec. 204.30 (3), Stats.

*By the Court.*—Order affirmed.