Kroske, Plaintiff and Respondent, v. Anaconda American Brass Company and another, Defendants and Respondents: Carriers Insurance Company, Defendant and Appellant.

*No. 148 (1974). Submitted October 27, 1975.—Decided November 25, 1975.*
(Also reported in 235 N. W. 2d 283.)

For the appellant the cause was submitted on the briefs of *Edward Rudolph* of Milwaukee.

For the respondents the cause was submitted on the brief of *Schoone, McManus & Hanson, S. C.,* attorneys, of Racine, and *Robert E. Hankel* of counsel, of Milwaukee.

HANLEY, J. The following issues are presented on appeal:

1. Does Carriers' insurance policy afford coverage for "loading and unloading?"

2. Must the entirety of Carriers' policy be disclosed to the trial court for purposes of the motion for summary judgment?

3. Was summary judgment precluded by hearsay and conclusory statements in the affidavit of the moving party?

4. Was summary judgment precluded because the affidavit of the moving party was made by counsel?

*Coverage for "loading and unloading."*

The general peril insured by Carriers was stated in its policy as follows:

"(1) To pay on behalf of the insured all sums which the insured shall become legally obligated to pay, including contractual obligations, for damages which arise out of the occupation of the named insured as stated in the Declarations, as a result of personal injury, bodily injury, sickness, disease or death to persons and for loss of or damage to property of others."

Spector's occupation was listed on the declarations page as "motor carrier for hire." A purported limitation on such coverage is cited in the following provision:

"Financial responsibility laws and regulatory authority requirements. Such insurance as is afforded by this policy shall comply with the provisions of the motor vehicle financial responsibility law and motor carrier regulatory authority requirements of any state or province which shall be applicable with respect to any such liability arising out of the existence, ownership, maintenance or use of any automobile during the policy period but only to the extent of coverage and amount of limits of liability required by such law."

The evident purpose of this policy, as it applies to this interstate commercial enterprise, is to have local regulation define the extent of coverage. Respondents make no argument that the latter provision does not have such effect.

Sec. 194.41 (1), Stats., is the local regulation applicable to contract motor carriers. Operation by such entity is not permitted in this state unless it has filed with the division of motor vehicles evidence of an indemnitor's guarantee to satisfy prescribed liability:

". . . Said undertaking shall be subject to the approval of the department and shall provide that the indemnitor shall be directly liable for and shall pay all damages for injuries to or for the death of persons or for injuries to or destruction of property that may be recovered against the owner or operator of each such motor vehicle by reason of the negligent *use or operation* thereof . . . ." (Emphasis added.)

By operation of the omnibus statute, sec. 204.30 (3), Stats., as interpreted by *Lukaszewicz v. Concrete Research, Inc.* (1969), 43 Wis. 2d 335, 168 N. W. 2d 581, the indemnity embraced by Carriers' motor vehicle policy is extended to any person whose "riding, use or operation" of the vehicle is with the owner's consent and which use is "in the manner" and "for purposes" described in the policy. *Lukaszewicz* construed the reference to "operation" in the statute to be broader than merely riding or driving. Loading and unloading being a policy-defined use of the vehicle in that case, the statute extended coverage to participants in such permitted use. *Id.* at 341–344. Thus if Carriers' policy extended to the activity in question, all participants could claim the benefit of its protection. The omnibus statute has been repeatedly construed to extend the same benefits to omnibus insureds that are allowed for named insureds. *Narloch v. Church* (1940), 234 Wis. 155, 290 N. W. 595; *Drewek v. Milwaukee Automobile Ins. Co.* (1932), 207 Wis. 445, 240 N. W. 881.

Does the "use or operation" provision of sec. 194.41 (1), Stats., include the loading of a vehicle? Carriers concedes that Kroske was injured in the loading process. Respondents Brass Company and Travelers cite the disputed fact of whether the negligence arose because of the loading process or because of defective equipment supplied by the Brass Company. This dispute is regarded as precluding summary judgment on the question. Their answer and the plaintiff's complaint, however, directly place the occurrence while the vehicle was being loaded. Although the disputed fact of the source of negligence and its relation to the loading use of the vehicle would be material in determining liability, *see Amery Motor Co. v. Corey* (1970), 46 Wis. 2d 291, 174 N. W. 2d 540, such dispute is not now material to the question of whether this policy extends to loading situations. Sum-

mary judgment is proper on a question where there is no dispute over material facts and no competing inferences arise, and the law that resolves the issue is clear and overrides any other issues either factual or legal. *Edlebeck v. Barnes* (1974), 63 Wis. 2d 240, 243, 216 N. W. 2d 551. Resort may be had to the pleadings to determine if a material factual dispute exists. *Younger v. Rosenow Paper & Supply Co.* (1971), 51 Wis. 2d 619, 188 N. W. 2d 507.

· If the policy as agreed between the parties directly stated that it applied to the "use or operation" or "ownership, maintenance and use" of the vehicle, there would be little difficulty in holding that the phrase contemplated "loading and unloading" circumstances. *See: Allstate Ins. Co. v. Truck Ins. Exchange* (1974), 63 Wis. 2d 148, 216 N. W. 2d 205.

Travelers and the Brass Company noted the above *Allstate* decision and others, and further recognize that a construction of Carriers' broad occupational coverage clause has impliedly included "loading and unloading" as an element. *Continental National Ins. Co. v. Carriers Ins. Co.* (1972), 55 Wis. 2d 533, 200 N. W. 2d 584. Strong argument is given to the settled rule that the omnibus statute would extend such coverage to permitted users of the vehicle.

The parties to this insurance contract did not, however, implement such language directly into the contract. Nor did they solely use the broad occupational clause. Decisional law reaching the construction of "use or operation" to include "loading and unloading," as based on the assumption that such interpretation was either contemplated by the parties or was applicable in the insured's favor, is not then controlling. Instead a provision of the contract provided that the coverage would be limited to the extent demanded by state regulation.

Where a statute concerning motor vehicles has an established purpose that requires broad and flexible interpretation, courts have included "loading and unloading" as an aspect of vehicle operation. *See: Diggins v. Theroux* (1943), 314 Mass. 735, 51 N. E. 2d 425, where a particular court system was conferred jurisdiction by statute over cases arising from operation of vehicles.

The regulatory chapter involved here contains a guide for its interpretation that channels the flexibility of interpretation away from the goal sought by the respondents:

"194.02 **Legislative intent.** It is hereby declared to be the purpose and policy of the legislature in enacting chapter 194 to confer upon the division of motor vehicles and the public service commission the power, authority and duty to supervise and *regulate the transportation of persons and property by motor vehicles upon or over the public highways of this state* in all matters, whether specifically mentioned herein or not, so as to protect the safety and welfare of the traveling and shipping public in their use of the highways; to relieve the existing and all future undue burdens on the highways arising by reason of the use of the highways by motor vehicles; to carefully preserve, foster and regulate transportation to the end of developing and preserving each separate type of the transportation system by highway and rail adequate to meet public needs." (Emphasis added.)

The decisions of this court have recognized that the concern of the law, and thus the scope of its required insurance, is with highway use by vehicles. *Faust v. Dawes* (1950), 257 Wis. 353, 357, 43 N. W. 2d 365; *Peterson v. Schmude* (1964), 23 Wis. 2d 9, 13, 126 N. W. 2d 500. *Peterson* further acknowledged that some of the more normal incidents of vehicle insurance are outside the scope of sec. 194.41, Stats.

Although the strong and limited statements on the purpose of sec. 194.41, Stats., are explainable by the facts of the decision in which they were made, the statements

are indicative of the clear purpose of the statute. Loading and unloading certainly is a well-recognized aspect of contract carriers. That is no reason why it should be read into a statute concerned with liability for operations on the highway. The acceptance of use as including "loading and unloading" may stem from the proliferation of policies that define it as such. The change in private insurance contracts, however, is no basis for "evolving" statutory language to mandate new risks that must be assumed by contract motor carriers and their insurers. "Loading and unloading" coverage is one of those areas, as noted in *Peterson,* where the parties are free to strike their own bargain.

Since the language of sec. 194.41 (1), Stats., does not embrace the risk that the trial court found to be covered, namely, "loading and unloading," the ruling on the motion for summary judgment must be reversed.

*Disclosure of entire Carriers' policy.*

The respondents asserted at the trial court level and still assert that the entirety of the policy was not before the court. However, portions of the policy were recited in the affidavit and a photocopy of the purported policy was appended. We note the action was commenced on October 24, 1972, and the order denying the motion was entered February 25, 1974. Obviously the respondents had adequate time in which to compel the production of a certified copy of the policy.

The trial court made its decision on the basis of the policy before it, which policy summarized the endorsements not before it, which all parties had adequate opportunity to obtain.

*Hearsay statements.*

A portion of respondents' supporting affidavit is criticized as containing hearsay and other paragraphs are cited as being conclusory. The affidavit in support of a

motion for summary judgment must be made by a person having knowledge of the evidentiary facts asserted therein. Sec. 270.635 (2), Stats. *Ranous v. Hughes* (1966), 30 Wis. 2d 452, 141 N. W. 2d 251. Further the motion requires that evidentiary facts, not merely conclusions, be made in the affidavit. *Heiden v. Ray's, Inc.* (1967), 34 Wis. 2d 632, 150 N. W. 2d 467. These requirements do not mean that any affidavit containing such matter must be disregarded. Rather, the insufficient allegations will not support the ruling sought. The hearsay portion consisted of evidentiary allegations supporting the proposition that loading was involved when the accident occurred, which was undisputed in the pleadings. Further evidentiary details refer to the source of the negligence, which, as mentioned, was immaterial. Conclusory statements made in explanation of the policy provisions of Carriers' insurance policy, though irrelevant, do not negate the point to be established by the inclusion of the provisions.

*Sufficiency of affidavit.*

Respondents contend that the affidavit on behalf of appellant was made by counsel and therefore insufficient for the purposes of summary judgment. They cite *Schandelmeier v. Brown* (1968), 37 Wis. 2d 656, 660, 155 N. W. 2d 659, as authority for the proposition that such affidavit cannot be made by counsel on behalf of his client. Respondents fail to recognize the established rule that counsel may make the affidavit when the party is a corporate entity. *Clark v. London & Lancashire Indemnity Co.* (1963), 21 Wis. 2d 268, 124 N. W. 2d 29; *Monroe County Finance Co. v. Thomas* (1943), 243 Wis. 568, 11 N. W. 2d 190.

Although *Younger v. Rosenow Paper & Supply Co., supra,* does mention that affidavits by counsel are ineffective even when a corporate party is involved, that case relied on the holding in *Schandelmeier* which did

not involve a corporate defendant. The established rule that counsel may make the affidavit when the party is a corporate entity still governs.

*By the Court.*—Order reversed.