Thomas S. SMITH, Teresa Smith, and Thomas Smith, Jr., Plaintiffs-Appellants,

v.

WISCONSIN PHYSICIANS SERVICE, Defendant-Respondent,

STATE OF WISCONSIN GROUP INSURANCE BOARD, Defendant.

Court of Appeals

*No. 88-2003. Submitted on briefs May 8, 1989.—Decided August 10, 1989.*

(Also reported in 447 N.W.2d 371.)

On behalf of the plaintiffs-appellants, there were briefs by *Boyd M. McGranaghan* of *McGranaghan & Stawski*, of Milwaukee.

On behalf of the defendant-respondent, there was a brief by *Ralph V. Topinka* of *Quarles and Brady*, of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J.   Plaintiffs appeal from an order granting Wisconsin Physician's Service's (WPS) motion for summary judgment. Because the trial court correctly concluded that no material issue of fact existed and that WPS was entitled to summary judgment, we affirm.

Plaintiffs, Thomas S. Smith, Teresa Smith and Thomas Smith, Jr., commenced this action against WPS to recover health insurance benefits allegedly due under the State of Wisconsin Standard Health Insurance Plan. Plaintiffs' complaint alleged that WPS acted in bad faith in its administration of claims for health care services, and demanded contract coverage as well as compensatory and punitive damages.[2]

---

[2] Plaintiffs do not raise or argue their contract claims against WPS in this appeal. Their brief asserts: "The only issue on appeal is whether the independent bad faith conduct of WPS may be brought by plaintiffs-appellants without first filing a notice of claim, pursuant to Wis. Stat. 893.82."

WPS joined the State of Wisconsin Group Insurance Board as a necessary party to the suit. The state moved to dismiss because plaintiffs had failed to comply with sec. 893.82(3), Stats.[3] In an amended complaint, plaintiffs alleged claims based upon two contracts. One was a policy issued by WPS to the state covering the period from January, 1978 to December, 1979. Under this contract, WPS offered its own, self-funded, insurance plan to state employes. The second contract was an administrative-services-only contract effective January 1, 1980 in which WPS contracted to administer a state-funded benefit plan. All financial and economic risks of the program were borne by the state, and WPS was compensated only for administrative services provided.

WPS filed an amended answer, affirmatively alleging the trial court lacked jurisdiction because of plaintiffs' failure to comply with sec. 893.82, Stats., and moved for summary judgment. The trial court determined that no material issues of fact existed and that WPS was entitled to summary judgment.

---

[3] Section 893.82(3), Stats., provides:

> Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employe's or agent's duties, and no civil action or civil proceeding may be brought against any nonprofit corporation operating a museum under a lease agreement with the state historical society, unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employe or agent involved. A specific denial by the attorney general is not a condition precedent to bringing the civil action or civil proceeding.

Section 802.08, Stats., governs summary judgment, and we use the same summary judgment methodology as the trial court. *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115-16, 334 N.W.2d 580, 582 (Ct. App. 1983). We first examine the pleadings to determine whether claims have been stated and material factual issues exist. *Id.* at 116, 334 N.W.2d 582-83. If the complaint states a claim and the pleadings show issues of material fact, we examine the moving party's affidavit to determine if it shows a prima facie case for summary judgment. *Id.* A moving defendant must show a defense that would defeat the claim. *Id.* If the moving defendant does show such a defense, we examine the opposing party's affidavits to see if they show the existence of a material issue of fact. *Id.* If they do, summary judgment is inappropriate. *Id.* Summary judgment methodology prohibits the trial court from deciding factual issues. *Id.*

In support of WPS's motion for summary judgment, the affidavit of Thomas Korpardy, principal staff officer for the Group Insurance Board, states that the Standard Health Insurance Policy, of which plaintiffs were subscribers, is funded solely by state and subscriber contributions. The affidavit further states that the ultimate responsibility for decisions on whether or not payments will be administered rests with the Group Insurance Board, although the authority for such administration was delegated to WPS. The contract between WPS and the state provides that this is a services-only agreement.[4] The trial court correctly found that WPS had made a prima facie case for summary judgment.

[4] WPS agrees to provide administrative services to the STATE of WISCONSIN GROUP INSURANCE BOARD, herein called BOARD, with respect to payment for HOSPITAL SERVICES, for PROFESSIONAL SERVICES and OTHER SERVICES.

The next step in summary judgment analysis is to determine if plaintiffs have any proof rebutting the defendant's case. The Smiths' sole evidence to defeat the motion for summary judgment is the deposition of John M. Kroeger, Assistant Director of Health and Disability Benefits for the State Department of Employee Trust Funds. The deponent stated that every item of administration and processing of claims by WPS prior and subsequent to the January 1, 1980 contract was the same. Plaintiffs also rely on a 1978 letter referred to and written by Kroeger to the plaintiffs in support of their contention that WPS is not an agent of the state, but an independent contractor.

Neither Kroeger's deposition nor his letter is dispositive. That changes in administrative procedure did not take place between contracts does not rebut an agency relationship. " '[T]he creation of an agency carries with it the usual and appropriate means of accom-

---

to

#### THE STATE OF WISCONSIN
#### EMPLOYEES & ANNUITANTS

who are subscribers under the BOARD's group health plan, as described in Articles I and III through XI, and to their eligible DEPENDENTS, in accordance with the terms and conditions set forth in this CONTRACT. It is expressly agreed that the benefits described in Articles III through XI constitute the BOARD's health plan which is operated by the BOARD on a self-insured basis for certain State of Wisconsin employs annuitants and their eligible dependents. Such Articles are set forth in the CONTRACT for reference purposes only and are not to be construed as part of any insurance contract between the State or the BOARD and WPS, or between WPS and other parties; since this is an Administrative Services Only contract.

plishing its objects and clothes the agent with such authority as is proper and necessary to effectuate its purposes.' " *Western Industries, Inc. v. Vitler Mfg. Co.*, 257 Wis. 268, 291, 43 N.W.2d 430, 441–42 (1950) (quoting *Voell v. Klein*, 184 Wis. 620, 623–24, 200 N.W. 364, 366 (1924)). The fact that WPS continued to use a well-implemented system of administration does not prove or disprove a change in relationship to the state, but only reflects efficient operations. Furthermore, since WPS had the responsibility to approve or reject claims, it had to have authority to determine if such claims were medically necessary in order to properly perform under the terms of the contract.

We conclude the 1978 letter written by Kroeger is inapplicable because it refers to WPS as an independent contractor at a time when, in fact, it was.

The elements necessary to establish a principal-agent relationship are: (1) "the express or implied manifestation of one party that the other party shall act for him;" (2) "[the principal] has retained the right to control the details of the work;" and (3) "the party agreeing to perform the service is engaged in a distinct occupation or business apart from that of the person who engages the services." *Peabody Seating Co. v. Jim Cullen, Inc.*, 56 Wis. 2d 119, 123, 201 N.W.2d 546, 549 (1972).

These three elements exist, negating plaintiffs' assertion that WPS is an independent contractor. The state contracted with WPS to administer its Standard Health Insurance Plan. Although WPS had the initial authority to determine whether medical treatments were necessary, the Group Insurance Board had the ultimate responsibility for such decisions.

The parties concede that no notice was given to the attorney general's office as required by sec. 893.82, Stats. Section 893.82 imposes a condition precedent to the right to maintain an action against an employee or agent of the state. *Ibrahim v. Samore,* 118 Wis. 2d 720, 726, 348 N.W.2d 554, 558 (1984). No issue of material fact exists. WPS is an agent for the state of Wisconsin and plaintiffs failed to comply with sec. 893.82. The trial court properly granted summary judgment to WPS.

*By the Court.*—Order affirmed.