TOWNE REALTY, INC., Plaintiff-Appellant,

v.

Maureen Elaine EDWARDS, spouse of Maureen Elaine Edwards, Ron H. Stark, M.D., and Wisconsin Gas Company, Defendants,

JADE GARDENS OWNERS ASSOCIATION, INC., Defendant-Respondent.†

Court of Appeals

*No. 89-1195. Submitted on briefs February 7, 1990.—Decided April 17, 1990.*

(Also reported in 456 N.W.2d 651.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Samuel J. Recht, David L. Petersen,* and *Mary Pat Ninneman* of *Quarles & Brady,* of Milwaukee.

For the defendant-respondent Jade Gardens Owners Association, Inc., the cause was submitted on the briefs of *Russell D. Bohach* of *Brennan & Collins,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.    This case involves the construction and application of sec. 703.16(6), Stats., governing the priority of condominium association liens. Towne Realty, Inc., brought this action to foreclose on property secured by a land contract. Towne appeals from the trial court's "Order Confirming Sale and Judgment" to the extent that it preserves the lien rights of Jade Gardens Owners Association in the subject property. Because we conclude that under sec. 703.16(6) a land contract vendor's lien has priority over a condominium association's lien for unpaid assessments, we reverse and remand this case to the trial court.

The facts are undisputed. Towne sold a Jade Gardens condominium unit to Maureen Elaine Edwards on a land contract. The contract was filed in the Milwaukee County Register of Deeds office on March 28, 1985. As a condominium unit owner, Edwards was also liable for payment of the owners association assessments. *See* sec. 703.16, Stats. Edwards defaulted on both of these obligations. The owners association filed its statement of condominium lien, *see* sec. 703.16(9), Stats., on April 28, 1987. The lien was reduced to a judgment which was docketed in Milwaukee County Circuit Court on April 14, 1988.

Towne initiated its foreclosure action on November 4, 1988. The owners association was named as a defendant because of its judgment against Edwards. Towne and the owners association filed cross-motions for summary judgment. Both parties argued that its own lien had priority under sec. 703.16(6), Stats. The statute provides:

PRIORITY OF LIEN. All sums assessed by an association but unpaid for the share of the common

expenses chargeable to any unit constitutes a lien on the unit and on the undivided interest in the common elements appurtenant thereto prior to all other liens except:

(a) Liens of general and special taxes.

(b) All sums unpaid on a first mortgage recorded prior to the making of the assessment.

(c) Mechanic's liens filed prior to the making of the assessment.

(d) All sums unpaid on any mortgage loan made under s. 45.80.

The trial court determined that the land contract did not come within any of the statutory exceptions to the owners association's lien and granted summary judgment against Towne.

On appeal, Towne argues that its lien has priority under sec. 703.16(6)(b), Stats. It cites sec. 703.02(12), Stats., which provides: " 'Mortgagee' means the holder of any recorded mortgage encumbering one or more units *or a land contract vendor.*" [Emphasis added.] Towne argues that because it is a "mortgagee," as that term is defined in sec. 703.02(12), its land contract lien has priority under sec. 703.16(6)(b).

Our review of an order granting summary judgment employs the same standards used by the trial court in its determination of the summary judgment motion. *Smith v. Wisconsin Physicians Servs.,* 152 Wis. 2d 25, 29, 447 N.W.2d 371, 372 (Ct. App. 1989). When the pleadings, depositions, affidavits and other papers on file show that there is no genuine issue as to any material fact, the movant is entitled to judgment as a matter of law. Sec. 802.08(2), Stats. We review the matter *de novo. Ball v. District No. 4 Area Bd.,* 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

The trial court and the parties concur that secs. 703.16(6) and 703.02(12), Stats., are unambiguous. We agree. However, an unambiguous statute may contain words that have a variety of meanings. *See Lukaszewicz v. Concrete Research, Inc.,* 43 Wis. 2d 335, 342, 168 N.W.2d 581, 585 (1969). We are bound to ascertain and enforce legislative intent; therefore, we discern the meaning of individual words in an unambiguous statute by reference to the context of its subject matter. *Id.*

The definitions embodied in sec. 703.02, Stats., apply to the entire chapter. We must accept the definition of "mortgagee" found in sec. 703.02(12), because a word specifically defined by statute is accorded no other meaning. *See Smith v. Kappell,* 147 Wis. 2d 380, 385, 433 N.W.2d 588, 590 (Ct. App. 1988); *State v. Okray Produce Co.,* 132 Wis. 2d 145, 148, 389 N.W.2d 825, 826 (Ct. App. 1986). A mortgage and a land contract function as security devices to ensure payment of the underlying obligation. In chapter 703 the legislature placed holders of land contracts and holders of first mortgages on equal footing. The first mortgage priority created by sec. 703.16(6)(b) protects the mortgagee's interest. Section 703.02(12), Stats., equates a mortgagee and land contract vendor. If the term "mortgage" as it is used in sec. 703.16(6) did not include land contracts, the words "or a land contract vendor" found in sec. 703.02(12) would be stripped of significance. We are required to give full effect to all parts of a statute and to avoid an interpretation which will make parts of a statute superfluous. *Milwaukee Metro. Sewerage Dist. v. Wisconsin DNR,* 122 Wis. 2d 330, 336, 362 N.W.2d 158, 161 (Ct. App. 1984). Therefore, we construe the term "mortgage" found in sec. 703.16(6)(b) to include land contracts. We

conclude that land contract vendors are given priority over condominium owners associations by sec. 703.16(6)(b).

Furthermore, in light of the fact that a mortgagee and a land contract vendor are placed on equal footing by sec. 703.02(12), an interpretation of sec. 703.16(6)(b) that recognizes the priority of a mortgagee's lien but not that of a land contract vendor would create an absurd distinction. The legislature is presumed to enact statutes that do not work absurd results, and we must construe statutes so as to avoid unreasonable and absurd results. *Sonnenburg v. Grohskopf,* 144 Wis. 2d 62, 65–66, 422 N.W.2d 925, 927 (Ct. App. 1988).

A plain reading of chapter 703 evinces a legislative purpose to equate land contract vendors and mortgagees. Section 703.16(6)(b) creates a lien in the nature of a second mortgage for the unit owners association to protect its assessment accounts receivable. We hold that a condominium land contract recorded before the making of a condominium assessment lien has priority as a first mortgage upon the foreclosure of the property.

We reverse the order of the trial court insofar as it preserves the lien rights of Jade Gardens Owners Association against Towne.

*By the Court.*—Order reversed and cause remanded for proceedings consistent with this opinion.