Roger B. MULLENBERG, Plaintiff,

v.

KILGUST MECHANICAL, INC., Defendant-Third-Party Plaintiff-Appellant,

FRANKENMUTH MUTUAL INSURANCE COMPANY, Defendant-Appellant,

v.

GREAT WEST CASUALTY COMPANY, Third-Party Defendant-Appellee.

Supreme Court

*No. 99–2118–CQ. Oral argument February 22, 2000.—Decided June 23, 2000.*

2000 WI 66

(Also reported in 612 N.W.2d 327.)

For the defendant-third party plaintiff-appellant and the defendant-appellant there were briefs by *Susan R. Tyndall, Ned J. Czajkowski* and *Hinshaw & Culbertson*, Milwaukee, and oral argument by *Susan R. Tyndall*.

For the third party defendant-appellee there was a brief by *Peter F. Mullaney* and *Peterson, Johnson & Murray, S.C.*, and oral argument by *Peter F. Mullaney*.

¶ 1. WILLIAM A. BABLITCH, J. This is a certification of a question of law from the United States Court of Appeals for the Seventh Circuit, pursuant to Wis. Stat. § 821.01 (1995–96).[1] The question certified for determination is:

> Whether Wis. Stat. § 194.41 because of its use of the term "negligent operation" requires insurers to cover the loading activities of third-parties and, if not, whether Wis. Stat. § 194.41 incorporates the Omnibus Statute, Wis. Stat. § 632.32, so that an insurer who issues and delivers a policy outside of Wisconsin must comply with the requirements of the Omnibus Statute.

---

[1] All subsequent references to the Wisconsin statutes are to the 1995–96 version, unless noted otherwise.

¶ 2. Third-party defendant-appellee Great West Casualty Company (Great West) issued a motor carrier insurance policy that excluded from coverage "[a]nyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered 'auto.'" Great West argues that Wis. Stat. § 194.41, the financial responsibility law for motor carriers, does not require a motor carrier insurance policy to cover the loading activities of third parties.

¶ 3. We disagree. The exclusion in Great West's policy is contrary to express legislative intent set forth in Wis. Stat. ch. 194. We conclude that the word "operation" in Wis. Stat. § 194.41(1) includes loading and unloading and an individual permissively unloading the vehicle is covered by the motor carrier's policy. As a result, we conclude that the exclusion in Great West's policy is invalid.

## I

¶ 4. The facts are undisputed. Roger Mullenberg (Mullenberg) owned and operated a truck that he leased pursuant to an agreement with E.W. Wylie, a common carrier. E.W. Wylie purchased liability insurance covering Mullenberg and his vehicle from Great West. Great West issued this policy in Nebraska and delivered it to E.W. Wylie in North Dakota.

¶ 5. Great West certified the policy as proof of financial responsibility in numerous states, including Wisconsin. This endorsement provided in part that the insurance "will comply with the provisions of the law or regulation to the extent of the coverage and limits of insurance required by that law or regulation."

¶ 6. In March 1996 Mullenberg stopped at Kilgust Mechanical to deliver industrial-sized pipe.

While a Kilgust Mechanical employee was unloading the truck, pipes rolled off the trailer, striking and injuring Mullenberg.

¶ 7. Subsequently, Mullenberg brought a claim for damages in federal district court against Kilgust and its insurer, Frankenmuth Mutual Insurance Company (Frankenmuth). Frankenmuth provided a business auto and commercial general liability insurance to Kilgust. Kilgust impleaded Great West, asserting that Great West provides primary coverage to the Kilgust employee because at the time of the accident he was operating the vehicle insured by Great West.

¶ 8. Great West's policy excluded from its definition of "Who Is An Insured" "[a]nyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered 'auto.'" The federal district court concluded that the primary issue was whether Wisconsin law and Great West's motor carrier laws endorsement operate to void this exclusion.

¶ 9. The district court first concluded that Wis. Stat. § 194.41 did not require Great West to provide coverage for unloading. Second, the district court concluded that, if it applies, Wis. Stat. § 632.32(3),[2] the omnibus statute, would void the exclusion in Great West's policy. However, the district court concluded that the omnibus statute did not apply in this case because the Great West policy was not issued or deliv-

---

[2] Wisconsin Stat. § 632.32(3) provides in part:

[E]very policy subject to this section issued to an owner shall provide that: (a) Coverage provided to the named insured applies in the same manner and under the same provisions to any person using the motor vehicle described in the policy when the use is for the purposes and in the manner prescribed in the policy.

774

ered in Wisconsin, as required by Wis. Stat. § 632.32(1), and § 194.41 does not implicitly incorporate § 632.32. On appeal, the Seventh Circuit certified the issue to this court.

## II

¶ 10. The issue is whether Wis. Stat. § 194.41[3] and the motor carrier laws auto liability insurance endorsement in Great West's policy combine to invalidate the exclusion. We conclude they do.[4]

¶ 11. It is undisputed that the endorsement provision in Great West's policy incorporates Wis. Stat. § 194.41. Section 194.41 requires a motor carrier to be covered by an insurance policy that will pay for damages recoverable "against the owner or operator" because of "negligent operation." Kilgust and Frankenmuth contend that by unloading the truck, Kilgust's employee was engaged in "operation" of the truck, and that § 194.41 therefore mandates coverage.

¶ 12. Wisconsin Stat. ch. 194 does not define "operation" or "operator." These words must be read in the context in which they are used in order to promote the legislature's objective in enacting the statute. *Lukaszewicz v. Concrete Research, Inc.*, 43 Wis. 2d 335,

---

[3] Wisconsin Stat. § 194.41(1) provides in part that approved insurance coverage:

> shall be directly liable for and shall pay all damages for injuries to or for the death of persons or for injuries to or destruction of property that may be recovered against the *owner or operator* of any such motor vehicles by reason of the *negligent operation* thereof in such amount as the department may require (emphasis supplied).

[4] Because we resolve the question certified in this case on the basis of Wis. Stat. § 194.41(1), we need not consider whether § 194.41 incorporates the omnibus statute, Wis. Stat. § 632.32.

342, 168 N.W.2d 581 (1969) (interpreting the word "operate" in the omnibus statute). As our cases have noted, "[o]perate has varying meanings according to context which primarily determines its meaning." *Id.* In construing ch. 194 we must follow the legislative intent set forth in Wis. Stat. § 194.02. This section requires that ch. 194 be given "the most liberal construction to achieve the aim of a safe, competitive transportation industry." Wis. Stat. § 194.02.[5]

¶ 13.　The meaning of the word "operation" was considered by this court in *Kroske v. Anaconda American Brass Co.*, 70 Wis. 2d 632, 637, 639–40, 235 N.W.2d 283 (1975). We concluded in *Kroske* that the phrase "use or operation" in Wis. Stat. § 194.41(1) (1973) did not encompass loading and unloading. In *Kroske* we first noted that "[w]here a statute concerning motor vehicles has an established purpose that requires broad and flexible interpretation, courts have included 'loading and unloading' as an aspect of vehicle operation." *Id.* at 639. However, at that time, Wis. Stat. § 194.02 (1973) set forth the legislature's intent as "to 'regulate the transportation of persons and property by motor vehicles upon or over the public highways of this state. . .so as to protect the safety and welfare of the traveling and shipping public in their use of the highways.' " *Id.* at 639 (quoting Wis. Stat. § 194.02 (1973)).

---

[5] Wis. Stat. § 194.02 **Legislative intent.**

It is the intent of the legislature to remove the economic regulations which limit motor carrier operations in the state. The legislature intends to let the market promote competitive and efficient transportation services, while maintaining the safety regulations necessary to protect the welfare of the traveling and shipping public. It is the intent of the legislature that this chapter be interpreted in a manner which gives the most liberal construction to achieve the aim of a safe, competitive transportation industry.

Based upon this language, we determined that loading and unloading was not covered by the statute because "the concern of the law, and thus the scope of its required insurance, is with highway use by vehicles." *Id.* at 639.

¶ 14. Wisconsin Stat. ch. 194 was subsequently amended by ch. 374, Laws of 1981. The phrase "use of the highways" was deleted from Wis. Stat. § 194.02. As a result, and as the Seventh Circuit pointed out in its certification, the basis for the decision in *Kroske* no longer exists. Therefore, *Kroske* is not controlling precedent on this issue.

¶ 15. In *Wiedenhaupt v. Van Der Loop*, 5 Wis. 2d 311, 317, 92 N.W.2d 815 (1958) we examined the phrase "negligent operation" in Wis. Stat. § 260.11 (1957) and held that "[t]he word 'operation' is not to be restricted to only a moving vehicle". In *Lukaszewicz*, we noted that if the legislature intended the statute to cover only riding or driving on the highway, it would not have used the broader word "operation." *Lukaszewicz*, 43 Wis. 2d at 341–42. The reasoning in these cases is applicable to Wis. Stat. § 194.41. A motor carrier by definition undertakes to transport passengers and property. Wis. Stat. § 194.01(1).[6] Inherent in this task is that the carrier will be loaded and unloaded. Loading and unloading involves repeated, frequent contact with the motor carrier. Within this framework and considering the subject matter of Wis. Stat.

---

[6] Wisconsin Stat. § 941.01 (1) sets forth in part:

"Common motor carrier" means any person who holds himself or herself out to the public as willing to undertake for hire to transport passengers by motor vehicle between fixed end points or over a regular route upon the public highways or property over regular or irregular routes upon the public highways.

ch. 194, as well as the legislature directive to construe ch. 194 liberally to protect the shipping public as well as the traveling public, we conclude that "negligent operation" encompasses loading and unloading.

¶ 16. We next consider whether the "operator" in Wis. Stat. § 194.41(1) includes a third party who permissively operates a motor carrier, or if the insurer can validly exclude such third party operators. "Parties are at liberty to enter insurance contracts which specify the coverage afforded by the contract as long as the contract terms do not contravene state law or public policy." *Rural Mut. Ins. Co. v. Peterson*, 134 Wis. 2d 165, 170, 395 N.W.2d 776 (1986).

¶ 17. We have previously held that a broad interpretation is to be given the word "operator" as it is used in Wis. Stat. § 194.41(1) in order to keep the statute in harmony with the public purpose set forth in Wis. Stat. § 194.02. *Continental Cas. Co. v. Transport Indem. Co.*, 16 Wis. 2d 189, 194, 114 N.W.2d 137 (1962) ("operator" includes driver as well as common carrier). The legislature has directed that Wis. Stat. ch. 194 is to be liberally interpreted to achieve a safe transportation industry and to "maintain the safety regulations necessary to protect the welfare of the traveling and shipping public." Wis. Stat. § 194.02. Where the operation at issue is loading and unloading, we conclude that "operator" includes a third party permissively unloading the vehicle. This conclusion is in harmony with the omnibus provisions of Wis. Stat. § 632.32(3)(a). As a result, it is in keeping with the legislature's directive to liberally interpret Wis. Stat. ch. 194 to promote a "competitive transportation industry." Wis. Stat. § 194.02.

¶ 18. In sum, we hold that Wis. Stat. § 194.41(1) and the motor carrier laws auto liability insurance

endorsement in Great West's policy requires that coverage extend to Kilgust and its employee who was unloading the truck. The exclusion is, therefore, void.

*By the Court.*—Question answered, and cause remanded to the United States Court of Appeals for the Seventh Circuit for further proceedings consistent with this opinion.

¶ 19. ANN WALSH BRADLEY, J. *(concurring).* Wisconsin Stat. § 194.02 declares the legislative intent that ch. 194 should be liberally interpreted to achieve the twin goals of a safe and competitive transportation industry. Yet, in this case of statutory interpretation, the majority fails to articulate how its construction of "negligent operation" under Wis. Stat. § 194.41 promotes the goal of a competitive transportation industry. By focusing exclusively on the goal of safety while ignoring the goal of a competitive industry, the majority fails to address the economic concerns expressed by the Seventh Circuit Court of Appeals in its certified question and by the district court in its memorandum decision.

¶ 20. In addition to its failure to address an integral legislative purpose, the majority also weakens its analysis by citing to *Continental Casualty Co. v. Transport Indemnity Co.*, 16 Wis. 2d 189, 114 N.W.2d 137 (1962). Majority Op. at ¶ 17. The *Continental* court construed the term "operator" in light of the expression of legislative intent under the former Wis. Stat. § 194.02, the same statute addressed in *Kroske v. Anaconda American Brass Co.*, 70 Wis. 2d 632, 235 N.W.2d 283 (1975). Here, the majority dismisses *Kroske* yet maintains its reliance on *Continental*, using the former statute both as a sword and a shield. This reference to

*Continental* undercuts the majority's dismissal of *Kroske*'s precedential value.

¶ 21.　Because the majority neglects to address an essential concern expressed by the Seventh Circuit Court of Appeals in its certified question and also relies upon precedent that is of limited usefulness to the present analysis, I concur.

¶ 22.　I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON joins this concurring opinion.